MARY McINTOSH.*vs*. SAMUEL I. BRAMSON.

Cumberland. Opinion November 16, 1931.

*Harry E. Nixon*, for plaintiff.
*Udell Bramson*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

STURGIS, J. At the trial of this action for abuse of civil process,
the presiding Justice granted the defendant's motion for a non-
suit. An incomplete report appears on the docket, but the case
comes forward on exceptions.

Viewing the evidence most favorably for the plaintiff, the follow-
ing material facts appear. The defendant, having an unpaid and
overdue account for merchandise against the plaintiff, caused
wages due her from one Frank Kernan to be attached under trustee
process. The employer, without authority from the plaintiff and
in disregard of the fact that a part of her wages was exempt from
attachment under trustee process by R. S., Chap. 100, Sec. 55,
Par. VI, paid the defendant's attorney, at his request, the full
amount of wages due the plaintiff at the time of service. The plain-
tiff was still indebted to the defendant after this payment had been
credited upon her account. It does not appear that, when the trus-
tee suit was begun or the moneys received from the trustee, the de-
fendant knew the amount of the plaintiff's weekly wage or in what
sum or for what period her employer was then indebted to her. Nor
is there proof that the defendant knew that the payment by the
trustee was made without authority from the plaintiff.

By the Statute, a trustee is duty bound to pay his employee the
amount of wages due at the time of service of a trustee process and
exempted from attachment there under "at the same time and in

the same manner as if no process had been served." On the other hand, if the suit be prosecuted to judgment, the trustee is liable to the creditor, bringing suit, for the full amount of the wages due unless he discloses the amount of the indebtedness to the employee exempted by the Statute and thereby discharges himself to the extent thereof. *Lock* v. *Johnson,* 36 Me., 464; *Lord* v. *Crowell,* 75 Me., 399. A failure to make full disclosure in such a case renders the trustee liable to pay the amount of the exempted indebtedness to both the creditor and the principal defendant.

It seems almost needless to say that the mere service of a trustee process does not relieve the trustee from liability to the principal defendant for any part of the wages due at the time of service. Regardless of the pendency of the process, the principal defendant may, at any time, commence action against the trustee for the full amount of the wages due him and may recover the amount due him for exempted wages in any event, as also the balance of his wages due, unless a judgment obtained against the trustee for the full amount thereof be satisfied. *Ladd* v. *Jacobs,* 64 Me., 347. No payment to the creditor without authority of the principal defendant will relieve the trustee from his liability to the latter unless the payment be made to satisfy a judgment against the trustee, and then only, as already noted, to the extent of the judgment exclusive of exempted wages.

In trusteeing the wages due the plaintiff from Kernan, the defendant was attempting to collect a just and overdue account which the plaintiff owed. The subsequent demand of his attorney for the wages due from the trustee and the latter's payment of them indicate an ignorance of the law, but do not prove malice. It does not appear that the plaintiff's discharge is chargeable to the defendant. A repudiation of the payment made by the trustee to the defendant would preserve the plaintiff's right of recovery against the trustee of the full amount of the wages due her. Election to ratify the payment would reduce her indebtedness to the defendant accordingly. The mutual rights and liabilities of the trustee and the defendant are here immaterial. Lacking proof of the existence of an ulterior motive on the part of the defendant or any act by him in the use of process not warranted or commanded

by the writ, the plaintiff's action for abuse of process can not be maintained. *Lambert* v. *Breton*, 127 Me., 510.

Nor is the plaintiff's case strengthened by evidence of other trustee suits which the defendant subsequently brought against her while she was working at the New Chase House, Inc. The plaintiff's allegations in respect to such suits are incomplete and meaningless and no measure of proof will warrant a recovery under them. This evidence is not discussed by counsel on the brief. It can not be considered by this Court.

*Exceptions overruled.*